UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TONY TAYLOR, | Case No. 13-10859 |
|       Plaintiff, | Matthew F. Leitman |
| v. | United States District Judge |
| WELLS FARGO BANK, NA, as TRUSTEE OF THE HARBORVIEW MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-12, *et al*, | Michael Hluchaniuk United States Magistrate Judge |
|       Defendants. _____/ | |

**<u>REPORT AND RECOMMENDATION</u>**
**<u>RULE 41(b) DISMISSAL AND MOTION TO DISMISS (Dkt. 27)</u>**

**I.     PROCEDURAL HISTORY**

Plaintiff filed this civil action in state court on or about January 22, 2013 (Dkt. 1-2), and defendants removed this action to this Court on March 1, 2013. (Dkt. 1). Plaintiff filed his first amended complaint on October 31, 2013. (Dkt. 19). On February 17, 2014, defendants Select Portfolio Servicing, Inc. and Wells Fargo Bank, NA, as Trustee of the Harborview Mortgage Loan Pass-Through Certificates Series 2006-12, filed a motion to dismiss plaintiff's first amended complaint. (Dkt. 27). District Judge Mark A. Goldsmith referred this matter to the undersigned for all pretrial proceedings on April 2, 2014 (Dkt. 28), and on May 16, 2014, plaintiff was ordered to file a response to defendants' motion to dismiss

by June 6, 2014. (Dkt. 29).[1] The order for response provided that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (Dkt. 29) (emphasis in original). Plaintiff did not file a response to this motion. The Court issued an Order to Show Cause on June 16, 2014, directing plaintiff to explain in writing, by July 7, 2014, why he has not responded to the motion to dismiss, or to file his response by that same date. (Dkt. 31). In that Order to Show Cause, the Court specifically warned plaintiff that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion to dismiss will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b)**." (Dkt. 31) (emphasis in original). Plaintiff neither responded to the Order to Show Cause nor contacted the Court for an extension of time.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's first amended complaint be **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and that the pending motion (Dkt. 27) be **TERMINATED** as **MOOT**.

---

[1] On May 20, 2014, this case was reassigned from District Judge Goldsmith to District Judge Matthew F. Leitman. (Dkt. 30).

## II. ANALYSIS AND CONCLUSION

Under Federal Rule of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal

3

> order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id.* at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro*, 173 F.3d at 991 (citing *Carver*, 946 F.2d at 453). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a

4

district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  In this case, the Court warned plaintiff that dismissal in defendants' favor would be granted if he failed to respond to the motion to dismiss and the Order to Show Cause.  (Dkt. 29, 31).  Thus, this factor weighs in favor of dismissal.  With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  *Id*.  Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id*.  However, it is readily apparent that plaintiff does not intend to pursue prosecution of this action given his repeated failures to comply with orders of the Court.  Thus, the first and second factors weigh in favor of dismissal.  Finally, given plaintiff's repeated failures to comply with Court orders, the undersigned sees no utility in considering or imposing lesser sanctions.  Thus, none of the factors weigh against dismissal for failure to

5

prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately). The undersigned concludes that, for the reasons discussed above, plaintiff has "engaged in a clear pattern of delay" by repeatedly failing to comply with orders of the Court and by otherwise failing to prosecute his claims. Under these circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

6

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's first amended complaint be **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and that defendants' motion to dismiss be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 29, 2014                         s/Michael Hluchaniuk
                                            Michael Hluchaniuk
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on July 29, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Laura Baucus, Nasseem S. Ramin and that I have mailed by United States Postal Service to the following non-ECF participant: Tony Taylor, 14606 Poplar Street, Southgate, MI 48195.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov